IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA, | ) ) ) |
| Plaintiff, | ) ) |
| v. | )     CIVIL ACTION NO. 08-00056-CG-C ) |
| DEBRA MITCHELL, | ) ) |
| Defendant. | ) |

### ORDER

This matter is before the court on defendant's motion to dismiss (Doc. 12), plaintiff's response thereto (Doc. 15), defendant's reply (Doc. 16), defendant's motion for leave to file supplemental support (Doc. 19) and defendant's objection to the supplemental evidence (Doc. 20). The court finds that no justiciable controversy exist in this case, but that even if one does exist, this case is one it which it is appropriate to decline to exercise jurisdiction. Therefore, defendant's motion to dismiss is due to be granted.

### FACTS

The complaint alleges that plaintiff, American Bankers Insurance Company of Florida ("American Bankers"), issued a comprehensive manufactured mobile home insurance policy to defendant, Debra Mitchell, on July 17, 2003. (Doc. 1, ¶ 7). The insurance policy contains an arbitration clause which provides as follows:

> Any and all disputes, controversies or claims of any kind and nature between YOU and US arising out of or in any way related to the validity, enforceability, interpretation, performance or breach of any provision of this policy, including this arbitration provision, and upon which a settlement has not been reached by YOU and US, shall be resolved, exclusively, by arbitration in accordance with the

Federal Arbitration Act (9 U.S.C. Section 1 Et. Seq.)

(Id. at ¶ 8). Mitchell allegedly made three claims for roof damage between September 21, 2004 and August 29, 2006. (Id. at ¶¶ 10-12). American Banker's denied Mitchell's second and third claims. (Id. at ¶¶ 10-11). On February 23, 2007, Mitchell filed suit in the Circuit Court of Conecuh County, Alabama, against several parties, including Assurant, Inc., which reportedly is the parent company of American Bankers, the defendant in this case. (Id. at ¶ 13, Ex. C). American Bankers has not been named as a defendant in the state court suit and is a separate entity from Assurant, Inc. (Id.). Counsel for Mitchell in both the state court suit and the instant case submitted his own affidavit stating that he has not and does not intend to sue American Bankers of Florida in the state court lawsuit or any other lawsuit. (Doc. 16, Albritton Affid.). Counsel further states in his affidavit that he is not seeking and does not intend to seek on his client's behalf any of the benefits that may be available to her under the policy of insurance she has with American Bankers of Florida.(Id.). The state court suit asserts claims for breach of contract, bad faith, fraudulent misrepresentation, fraudulent suppression, and negligence. ((Doc. 1, ¶ 13, Ex. C). All of the state court claims concern the roof damage allegedly sustained by Mitchell to her mobile home. American Bankers has allegedly informed Mitchell numerous times that Assurant was not a party to the insurance contract. (Doc. 1 at ¶ 15). Assurant moved to compel arbitration in the state court proceeding, but its motion was denied. (Id. at ¶¶ 16-17). Assurant has appealed the denial of its motion and its appeal remains pending in the Alabama Supreme Court. (Id. at ¶ 18).

In the instant suit, American Bankers seeks a declaration that "the proper parties to the insurance contract and therefore to any litigation/arbitration based on that contract are Debra

Mitchell and American Bankers Insurance Company of Florida." (Doc. 1, p. 6).  American Bankers's complaint further requests this court to order Mitchell "to submit any such claims that she may have pursuant to the insurance contract to arbitration." (Id.).

**I. Motion for Leave to File Supplemental Support**

Defendant seeks to have the court consider supplemental evidence in ruling on the motion to dismiss.  Plaintiff objects to the supplemental evidence.  The court finds that the proffered information is not material to the court's determination, as the result would be the same whether or not the court considers that proffered information. Therefore, the court rules that the motion is **MOOT**.

**II. Dismissal Standard**

A motion to dismiss should not be granted "unless the plaintiff can prove no set of facts which would entitle him to relief."  Martinez v. American Airlines, Inc., 74 F.3d 247, 248 (11th Cir.1996) (quoting Peterson v. Atlanta Housing Authority, 998 F.2d 904, 912 (11th Cir.1993)). In making this determination, the court must accept all well pled factual allegations as true. U.S. v. Gaubert, 499 U.S. 315 (1991).  However, "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." Oxford Asset Management, Ltd. v. Jaharis,  297 F.3d 1182, 1188 (11th Cir. 2002) (quoting South Fla. Water Management Dist. v. Montalvo, 84 F.3d 402, 408 n. 10 (11th Cir. 1996) and Fernandez-Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir.1993)); see also  Associated Builders, Inc. v. Alabama Power Co., 505 F.2d 97, 100 (5th Cir. 1974) ("Conclusory allegations and unwarranted deductions of fact are not admitted as true." citation omitted); Finklea v. U.S., 2001 WL 103005,

*2 (S.D. Ala. Jan 30, 2001) ("conclusory allegations and unwarranted factual deductions are not accepted as true." citing Assoc. Builders, Inc.).  The issue is not whether the plaintiff will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." Little v. City of North Miami, 805 F.2d 962, 965 (11th Cir.1986).

**III. Justiciable Controversy**

>The Declaratory Judgment Act provides in pertinent part that:
>
>In a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. ...

28 U.S.C. § 2201(a) (emphasis added).  A federal district court has discretion in deciding whether to grant or deny declaratory relief; however, that discretion "should be exercised liberally in favor of granting such relief in order to accomplish the purposes of the Declaratory Judgment Act." Cincinnati Insurance Co. v. Holbrook, 867 F.2d 1330, 1333 (11th Cir.1989). The court notes that the main purpose of a declaratory judgment action is to have coverage issues decided in advance.  See Horace Mann Ins. Co. v. Johnson By and Through Johnson, 953 F.2d 575, 579 (10th Cir. 1991) ("We have expressly recognized that one of the primary functions of the [Federal Declaratory Judgment] Act is to provide the insuror [sic]" a forum "to have their liability declared." citation omitted); A C and S, Inc. v. Aetna Cas. & Surety Co., 666 F.2d 819, 823 (3d Cir. 1981) ("The respective interests and obligations of insured and insurers, when disputed, require determination much in advance of judgment since they will designate the bearer of ultimate liability in the underlying cases and hence the bearer of the onus and risks of settlement."); National Union Fire Ins. Co. of Pittsburgh, Pa. v. Midland Bancor, Inc., 854

F.Supp. 782, 789 (D. Kan. 1994) ("It is unrealistic to require an insurance company to await ... judgment before allowing it to determine its obligations").  However, in this case, the underlying state court case does not name American Bankers as a defendant.  Plaintiff has not filed suit or even threatened suit against defendant.  In fact, plaintiff's counsel has averred that he does not intend to ever assert claims on his client's behalf for any of the benefits that may be available to her under the policy of insurance she has with American Bankers.

To be justiciable, there must be an "actual controversy" that is continuing between the parties.  As the Eleventh Circuit has explained:

> That is, under the facts alleged, there must be a substantial continuing controversy between parties having adverse legal interests. Lake Carriers' Association v. MacMullan, 406 U.S. 498, 506, 92 S.Ct. 1749, 1755, 32 L.Ed.2d 257 (1972); Golden v. Zwickler, 394 U.S. 103, 108, 89 S.Ct. 956, 959-60, 22 L.Ed.2d 113 (1969); Sullivan v. Division of Elections, 718 F.2d 363, 365 (11th Cir.1983). The plaintiff must allege facts from which the continuation of the dispute may be reasonably inferred. Ciudadanos Unidos de San Juan v. Hidalgo County Grand Jury Commissioners, 622 F.2d 807, 821-22 (5th Cir.1980), cert. denied, 450 U.S. 946, 101 S.Ct. 1479, 67 L.Ed.2d 613 (1981).  Additionally, the continuing controversy may not be conjectural, hypothetical, or contingent; it must be real and immediate, and create a definite, rather than speculative threat of future injury. City of Los Angeles v. Lyons, 461 U.S. 95, 103 S.Ct. 1660, 1666, 75 L.Ed.2d 675 (1983); Golden v. Zwickler, 394 U.S. at 108, 89 S.Ct. at 959-60; Wolfer v. Thaler, 525 F.2d 977, 979 (5th Cir.), cert. denied, 425 U.S. 975, 96 S.Ct. 2176, 48 L.Ed.2d 800 (1976). The remote possibility that a future injury may happen is not sufficient to satisfy the "actual controversy" requirement for declaratory judgments. See City of Los Angeles v. Lyons, 461 U.S. at 103, 103 S.Ct. at 1666 (1983).

Emory v. Peeler, 756 F.2d 1547, 1552 (11th Cir. 1985) (footnote omitted).  In the instant case, although American Banker's denial of Mitchell's claims was adverse to Mitchell's interests, there does not appear to be a continuing dispute between these parties.  The declaratory relief sought by plaintiff in this case is a determination of Mitchell's liability or duties if Mitchell files a lawsuit against American Bankers or adds American Bankers as a defendant to her current

5

state court lawsuit in the future. While plaintiff asserts that the threat of litigation may confer subject matter jurisdiction, plaintiff has not demonstrated that there is any real likelihood that that contingency will occur. Mitchell has not sued American Bankers or even threatened litigation against American Bankers.

American Bankers contends that it is evident from Mitchell having sued Assurant that its legal interests are adverse from Mitchell's. However, Mitchell's claims against Assurant are reportedly not based on the policy of insurance at issue in this case, a contract to which Assurant was not a party. As American Bankers has repeatedly pointed out, Assurant and American Bankers "are separate and distinct legal entities, and the actions of one are not the actions of the other." (Doc. 20, ¶ 2). Although the state court lawsuit against Assurant appears to be the motivation for filing the current action, the state court lawsuit would not be affected by any decision in this case. The court is aware of no authority by which a favorable ruling for American Bankers in this case would require Mitchell to arbitrate her claims against Assurant in the state court case. Thus, this case will not serve a useful purpose in clarifying and settling the legal relations in issue. The court finds plaintiff's claims to be too speculative or hypothetical to be deemed justiciable controversies.

The claims in the state court lawsuit are related to the claims asserted here to the extent that a ruling in this case would impinge on the legal issues and claims presented in the state court lawsuit, the court finds it appropriate to decline to exercise jurisdiction over this declaratory judgment action. Even if justiciable controversy exists, consideration of the nine factors that guide district courts to consider in such cases[1], dictate the conclusion that they weigh in favor of

---

[1] (1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts;

abstention.  The plaintiff here is essentially requesting that this court find that the wrong entity was sued in the state court lawsuit,  require the "proper parties" to arbitration,  and to force this court's judgment on the state courts in that regard.  The court abstains from taking such action.

## CONCLUSION

For the reasons stated above, defendant's motion to dismiss (Doc. 12), is **GRANTED** and this case is hereby **DISMISSED without prejudice**.

**DONE and ORDERED** this 3rd day of July, 2008.

/s/   Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE

---

(2) whether the judgment in the federal declaratory action would settle the controversy;
(3) whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue;
(4) whether the declaratory remedy is being used merely for the purpose of "procedural fencing"-that is, to provide an arena for a race for res judicata or to achieve a federal hearing in a case otherwise not removable;
(5) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction;
(6) whether there is an alternative remedy that is better or more effective;
(7) whether the underlying factual issues are important to an informed resolution of the case;
(8) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and
(9) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

Ameritas Variable Life Ins. Co. v. Roach, 411 F.3d 1328, 1329 (11th Cir.2005).